**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CORINNE GREENHALGH d/b/a BODY REVOLUTION,<br><br>Plaintiff,<br><br>v.<br><br>JILLIAN MICHAELS and EMPOWERED MEDIA, LLC,<br><br>Defendant. | DOCKET NO. |

**COMPLAINT AND JURY DEMAND**

NOW COMES the Plaintiff Corinne Greenhalgh and sets forth the following allegations against Defendants Jillian Michaels and Empowered Medial, LLC as her Complaint in this matter:

**I. Parties**

1. Plaintiff Corinne Greenhalgh ("Greenhalgh") is a United States citizen with a residence at 45 Diniz Drive, Taunton, Massachusetts. Greenhalgh conducts business in interstate commerce under the trade name "Body Revolution."
2. Upon information and belief, Defendant Jillian Michaels ("Michaels") is a United States citizen with a place of business in Beverly Hills, California.
3. Defendant Empowered Media, LLC ("EM") is a limited liability company with a place of business at 9100 Wilshire Blvd., Suite 520, Beverly Hills, CA 90212.

## II. Jurisdiction and Venue

4. This matter, *inter alia*, arises under the Lanham Trademark Act, 15 U.S.C. § 1051, et seq. (the "Lanham Act"), the Federal Trademark Anti-Dilution Act, 15 U.S.C. § 1125, et seq. ("FTDA"), and/or the Trademark Dilution Revision Act ("TDRA"). Therefore, this Court has subject matter jurisdiction pursuant to, among other things, 15 U.S.C. §§ 1221 and 28 U.S.C. §§ 1338 (a) and 1338 (b).

5. Venue in this judicial district is appropriate under 28 U.S.C. § 1391(b) because the holder of the trademark being infringed and diluted is a resident of the Eastern District of Massachusetts.

## III. Facts Common to All Counts

6. For many years, Greenhalgh has been engaged in the business of fitness promotion and production.

7. Among other things, Greenhalgh has run a fitness gym using the trade name "Body Revolution" and has created fitness programs using the trade name "Body Revolution" for sale in interstate commerce.

8. Greenhalgh has utilized the "Body Revolution" trade name to promote the following products and services:

- Weight Loss Programs
- Boot Camps
- Individual Personal Training
- Nutrition Counseling
- Injury Rehab
- Sports Performance
- Group Training
- Spinning®
- Fitness / Figure/ Bodybuilding Contest Preparation
- Preparation for Physical Fitness Testing
- TRX-STC Instruction

- KBC Level 1 Kettlebell Instructor
- Production and promotion of fitness videos featuring Greenhalgh and her proven “Body Revolution” methods to help people control their weight and change their lifestyle.
- Production and sale of “Body Revolution” logoed apparel.

9. Greenhalgh earns virtually all of her income through her work in the fitness industry through the use of her trade name “Body Revolution.”

10. To promote herself, her products, and her services, Greenhalgh created over the last several years the trade name and trademark known as “Body Revolution.”

11. Greenhalgh created this tradename by conducting extensive market research, utilizing her own intellectual property, and by creating superior products and services under this name.

12. Greenhalgh has invested hundreds of thousands of dollars into the creation and promotion of the mark.

13. Among other things, Greenhalgh promoted the name “Body Revolution” through a long course of dealing with customers and consumers in various states.

14. In 2011, after an extensive period of promotion of the tradename “Body Revolution,” Greenhalgh applied for registration of “Body Revolution” as a trademark with the United States Patent and Trademark office.

15. On April 3, 2012, Greenhalgh was granted a registered trademark for “Body Revolution” by the United States Patent and Trademark office: Registration No. 4,121,218. *See* Exhibit 1.

16. At all times since gaining the trademark, Greenhalgh has used the trademark in interstate commerce to promote and conduct the sales of her products and services.

17. Through these efforts the trademark “Body Revolution” has become distinctive and famous in the eyes of consumers for the superior products and services offered by Greenhalgh.

18. As a result of the foregoing, Greenhalgh's trademark has developed and now possesses secondary and distinctive meaning to consumers in the fitness industry.

19. Michaels is a television personality and an on-line promoter of fitness training products similar to those offered by Greenhalgh under Greenhalgh's trademark "Body Revolution."

20. On her website, jillianmichaels.com, Michaels states:

    Jillian's passion for fitness originates from 17 years of devoted practice in the fields of martials (sic) arts, personal training, health and wellness. Best known as the undefeated strength trainer and life coach on NBC's hit series *The Biggest Loser*, Jillian is a motivator and role model to nearly 15 million viewers every week.

21. Recently, Michaels has obtained the rights to a website known as:

    jillianmichaels**bodyrevolution**.com.

22. Michaels did not request, and was not granted, assent from Greenhalgh to use the trademark "Body Revolution" or to promote her own products or services using the trademark.

23. Yet, on her site, Michaels promotes a line of products and fitness videos, using the trade name "Body Revolution."

24. Michaels represents the following about the products on her site:

    Inspiring millions to lose weight on the NBC hit TV show, The Biggest Loser, was just the beginning for Jillian Michaels. As America's Toughest Trainer, you have seen her achieve incredible results and now, for the first time ever, Jillian is sharing the secrets and the science of what really works for weight loss and total body transformation - in her incredible new **Jillian Michaels Body Revolution**.

    **Jillian Michaels Body Revolution** has one purpose: To maximize your diet and fitness potential so you'll get dramatic results at an accelerated pace. Jillian delivers a complete set of compact, super-effective 30-minute workouts plus a healthy eating plan that will enable you to transform your entire body in just 90 days.

25. Upon information and belief, EM produces and/or distributes the products Michaels is offering for sale under the name “Body Revolution.”

26. EM and Michaels attempted to register the mark “Jillian Michaels Body Revolution” with the United States Patent and Trademark Office.

27. Approval of Michaels’s application was suspended awaiting response due to the conflict between Michaels’s mark and Greenhalgh’s previously registered mark. *See* Exhibit 2.

28. In light of said suspension, a representative of Michaels and EM contacted Greenhalgh in order to obtain a “Co-Existence and Consent Agreement” in an attempt to circumvent the suspension and so that they could register Michaels’s infringing mark.

29. Given her extensive investment in the mark, its distinctive character, and its recognition by consumers as a famous mark, Greenhalgh refused to agree to the Co-Existence and Consent Agreement proposed by Michaels and EM.

30. Greenhalgh indicated to Michaels and EM that it did not consent to the infringing use of the mark.

31. Nonetheless, Michaels and EM continued selling the same products and services as Greenhalgh by, among other things, palming off of Greenahalgh’s registered trademark, Body Revolution.

32. The actions of Michaels and EM are causing confusion to consumers and prospective purchasers of Greenhalgh’s products and services and/or are likely to cause confusion to consumers and prospective purchasers of Greenhalgh’s products.

33. The actions of Michaels and EM also dilute Greenhalgh’s rights to the trademark as well as her ability to effectively use the trademark in commerce.

34. The use of the trademark “Body Revolution” by EM and Michaels dilutes the distinctive quality of Greenhalgh’s mark because the power of the Greenhalgh’s mark is weakened through its

identification with Michaels's goods and services and the mark is cast in an unflattering light due to the association with Michaels's inferior or unseemly products, services and promotional tools and/or because consumers may mistakenly believe that Greenhalgh's products and services are palming off of Michaels's products and services when, in reality, the opposite is true.

35. The use of Greenhalgh's trademark is not authorized and, indeed, Michaels and EM have been advised that Greenhalgh does not consent to the use.

36. Michaels and EM, however, have failed and refused to desist in the unauthorized use despite demand.

37. The unauthorized use of Greenhalgh's trademark is causing injury and/or is likely to cause injury to Greenhalgh's reputation and to the reputation of the products and services she offers under the mark.

38. The actions set forth herein, and others like them, are likely to cause consumers and the purchasing public to believe that sales of "Body Revolution" products by Michaels and EM are authorized by, sponsored by, affiliated with, and/or approved by Greenhalgh and that those products are the same as, or of the same quality as, those offered by Greenhalgh.

39. Greenhalgh is also injured by the failure and refusal of Michaels and EM to pay a royalty for the use of Greenhalgh's trademark. Among other things, the unauthorized use of the mark by Michaels and EM diminishes the value of Greenhalgh's registered trademark.

40. The acts set forth herein, including the unauthorized use of Greenhalgh's trademark, constitute false designation of the source of origin of the goods and services being offered by Michaels and EM.

41. By their unauthorized use of Greenhalgh's trademark, Michaels and EM are falsely representing the trademark, and their related products, as their own and, therefore, undermining and diluting Greenhalgh's products and services.

42. Upon information and belief, these actions are also an attempt by Michaels and EM to palm off the goodwill associated with Greenhalgh's trademark, services and products and/or to appropriate to Michaels and EM the goodwill and trademark to which Greenhalgh has exclusive rights.

43. Michaels and EM are engaging in the aforementioned conduct, including the unauthorized use of Greenhalgh's trademark, in interstate commerce; among other things, offering dvd's and other products bearing the "Body Revolution" trademark on Michaels's unauthorized website for interstate sale. Such actions are causing consumer confusion and direct injury to Greenhalgh.

44. Greenhalgh has an inadequate remedy at law and shall suffer irreparable injury should Michaels and EM be permitted to continue their unauthorized use of Greenhalgh's trademark. Among other things, Greenhalgh's injuries are not presently subject to adequate calculation due to the harm to reputation suffered and the fact that Greenhalgh is not privy to sales presently being made by Michaels and EM.

## IV. Causes of Action

### COUNT I
### (Violation of Lanham Act for Infringement of Registered Trademark)

45. Greenhalgh repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

46. EM's and Michaels's use of the "Body Revolution" trademark that is owned by Greenhalgh has created a likelihood-of-confusion about the origin of the goods and services offered by Michaels and EM.
47. Greenhalgh has developed and owns a protectable trademark right in the Body Revolution trademark.
48. Michaels and EM are using a confusingly similar mark in such a way that it creates a likelihood of confusion, mistake and/or deception with the consuming public.
49. The products offered by Michaels and EM in interstate commerce are the same as those offered by Greenhalgh and/or the actions of Michaels and EM make it appear that their products are associated with, affiliated with, connected to, approved by, authorized by or sponsored by Greenhalgh.
50. Among other things, the actions of Michaels and EM create false descriptions of the origin of the "Body Revolution" products that are listed for interstate sale on Michaels's website.
51. The use of Greenhalgh's mark to identify Michaels's goods and services causes a likelihood of consumer confusion.
52. The actions of Defendants set forth herein, and those to be proven at trial, are violations of the Lanham Act.
53. Greehalgh requests all relief afforded under the Lanham Act for the actions and omissions set forth herein; including but not limited to injunctive and monetary relief under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**COUNT II**
**(Violation of FTDA, TDRA and Lanham Act for Dilution of Registered Trademark)**

54. Greenhalgh repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

55. The actions set forth herein by Michaels and EM constitute dilution of Greenhalgh's registered trademark.

56. Greenhalgh's mark has become "famous" due to (1) the degree of inherent or acquired distinctiveness of the mark; (2) the duration and extent of use of the mark; (3) the amount of advertising and publicity invested by Greenhalgh in the mark; (4) the geographic extent of the market in which Greenhalgh uses the mark; (5) the channels of trade for the products and services sold via the mark; (6) the degree of recognition in trading areas for the mark; (7) the lack of use of similar marks by third parties; and/or (8) the fact that the mark is registered by the U.S. Patent and Trademark Office.

57. After the Body Revolution trademark became famous, Michaels and EM began to make commercial use of the mark in an effort to sell Michaels's own products and services in interstate commerce.

58. The use the trademark "Body Revolution" by EM and Michaels dilutes the distinctive quality of Greenhalgh's mark because the power of the Greenhalgh's mark is weakened through its identification with Michaels's goods and services and the mark is cast in an unflattering light due to the association with Michaels's inferior or unseemly products, services and promotional tools and/or some consumers may falsely believe that Greenhalgh rather than Michaels is inappropriately using the mark.

59. Greenhalgh has suffered actual damages, harm to reputation, and other damages as a result of the dilution of her mark by Michaels and EM.

60. Greenhalgh requests all relief afforded under the Lanham Act and the FTDA with respect to the Defendants' unauthorized use and dilution of her registered trademark.

**COUNT III**
(Violation of G.L. c. 93A)

61. Greenhalgh restates and realleges each of the foregoing paragraphs as if fully set forth herein.

62. Upon information and belief, Michaels and EM engaged in trade or commerce within the Commonwealth of Massachusetts as that term is defined by Chapter 93A.

63. Due to the conduct alleged herein, Michaels and EM have engaged in unfair competition and unfair and deceptive trade practices under Chapter 93A. Among other things, Michaels and EM have wrongfully converted and used trade names, trademarks, trade dress and other indicia of Greenhalgh to their own use without license or consent.

64. By their actions, Defendants are 'palming off' of the products, services and marks of Greenhalgh and are creating consumer confusion because their use of the trademark "Body Revolution" in the sale of their products and services are identical or confusingly similar to the use of the trademark by Greenhalgh.

65. Greenhalgh's products, services and marks have acquired a secondary meaning such that confusion as to their source is likely to arise if Defendants are allowed to copy them.

66. Upon information and belief, a substantial part of the conduct set forth herein occurred primarily or substantially within the Commonwealth of Massachusetts and violates G.L. c. 93A, §§ 2, 11.

67. Defendants' actions described herein were performed willfully and knowingly.

68. As a result of the unfair and deceptive conduct set forth herein, Greenhalgh sustained injuries, including but not limited to, irreparable injury to trademarks, trade names,

goodwill and reputation, actual damages and lost profits, out of pocket expenses to mitigate the issues described herein, and litigation costs and expenses, including attorney's fees, associated with the pursuit of this matter and the filing of this action.

69. Greenhalgh is entitled to be compensated for all harm sustained by them and to all damages allowed by law, including treble damages, costs, interest and attorney's fees.

**COUNT IV**
(Common Law Trade Name Infringement)

70. Greenhalgh restates and realleges each of the foregoing paragraphs as if fully set forth herein.

71. Massachusetts common law protects trade names and prevents others from using the same name or a similar name in order to mislead the public by "palming off" their goods as those of the plaintiff.

72. As set forth more fully above, Michaels and EM are using the same name or a similar name, products and services as Greenhalgh which results, or shall result, in misleading the public about the origin of the goods and services.

73. In this way, Michaels and EM are "palming off" the goodwill of Greenhalgh's mark and injuring Greenhalgh's business and reputation.

74. The wrongful actions of Michaels and EM described herein were performed willfully and knowingly.

75. Greenhalgh has been harmed by the conduct alleged herein and are entitled to be compensated for the damages sustained as provided by law, including lost royalties, dilution of trademark value, harm to goodwill and reputation, lost profits, costs, interest and attorney's fees.

**COUNT V**

(Trade Name and Trade Mark Infringement in Violation of
Massachusetts General Laws, c. 110H, § 1 *et seq*.)

76. Greenhalgh restates and realleges each of the foregoing paragraphs as if fully set forth herein.

77. Greenhalgh has a registered trademark as set forth under Massachusetts law.

78. Mass. General Laws c. 110H, § 12 prohibits the use, without the consent of the registrant, of any reproduction, counterfeit, copy, or colorable imitation of a mark, such as Greenhalgh's, that is registered in connection with the sale, distribution, offering for sale, or advertising of any goods or services on or in connection with which the use is likely to cause confusion or mistake or to deceive as to the source of origin of such goods or services.

79. Mass. General Laws c. 110H, § 12 also prohibits the manufacture, use, display, or sale of any counterfeits or imitations of products or services via use of the registered trademark such as the use of Greenhalgh's mark as set forth above.

80. As set forth more fully above, Michaels and EM are violating each of these provisions to their benefit and to the detriment of Greenhalgh.

81. Upon information and belief, the wrongful actions of Michaels and EM described herein were performed willfully and knowingly.

82. Pursuant to General Laws c. 110H, § 14(a), an owner of a mark may proceed by suit to enjoin the manufacture, use, display or sale of any counterfeits or imitations thereof and the court may grant injunctions to restrain the manufacture, use, display or sale as may be considered by the court as just and reasonable. Based upon the foregoing facts, an injunction in this matter is just and reasonable to protect Greenhalgh's mark.

83. Pursuant to General Laws c. 110H, § 14(a), the court may require EM and Michaels to pay to the owner of a mark all profits derived from and all damages suffered by reason of the wrongful manufacture, use, display or sale of products with the Greenhalgh's mark.

84. Pursuant to General Laws c. 110H, § 14(a), the court, in its discretion, may enter judgment for an amount not to exceed 3 times the profits obtained by the EM and Michaels from their unauthorized use of the mark (or three times any other damages) and also order those defendants to pay the reasonable attorneys' fees of Greenhalgh as the defendants, upon information and belief, committed their wrongful acts with knowledge or in bad faith.

85. Greenhalgh has been harmed by the conduct alleged herein and is entitled to be compensated for the damages sustained to the full extent of the Massachusetts statutes set forth herein and in amounts to be proven at trial.

**COUNT VI**

(Trade Name and Trade Mark Dilution in Violation of Massachusetts General Laws, c. 110H, § 13 *et seq*.)

86. Greenhalgh restates and realleges each of the foregoing paragraphs as if fully set forth herein.

87. General Laws c. 110H, § 13, provides protection against dilution of the distinctive quality of a mark notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services.

88. Greenhalgh's mark is distinctive under the G. L. c. 110H, § 13.

89. The use of a similar mark by Michaels and EM has created a likelihood of dilution because, among other things, (1) there will be a reduction of the value of Greenhalgh's mark caused by actual or potential confusion due to the defendants' conduct, (2) there is

injury resulting to Greenhalgh from defendants' use of the mark that tarnishes the reputation associated with Greenhalgh's mark, and/or (3) there has been a diminution in the uniqueness and individuality of the mark by the actions of defendants set forth herein.

90. As set forth more fully above, EM and Michaels are violating the Massachusetts Anti-Dilution statute to their benefit and to the detriment of Greenhalgh.

91. Upon information and belief, the actions of EM and Michaels described herein were performed willfully and knowingly.

92. Greenhalgh has been harmed by the conduct alleged herein and is entitled to injunctive relief and to be compensated for the damages sustained as provided by law, including lost royalties, dilution of trademark value, harm to goodwill and reputation, lost profits, costs, interest and attorney's fees.

**COUNT VII**

(Request for Preliminary and Permanent Injunction)

93. Greenhalgh restates and realleges each of the foregoing paragraphs as if fully set forth herein.

94. On the facts alleged herein, and pursuant to Massachusetts common law, General Laws c. 93, Section 42A, c. 93A, Sections 2, 11, and c. 110H, *et seq*., Greenhalgh is entitled to injunctive relief to remedy the harm being caused by EM and Michaels.

95. Greenhalgh has shown a likelihood of success on the merits of her claims.

96. Greenhalgh has shown that there is a substantial risk of irreparable harm in the absence of injunctive relief and that she has no adequate remedy should the trademark infringement continue unabated.

97. Greenhalgh has shown that there is no legitimate harm to EM or Michaels should an injunction issue.

98. Greenhalgh has shown that public policy and legislative mandate favor the issuance of an injunction to prevent the trademark infringement and dilution asserted herein.

99. Greenhalgh is entitled to first a preliminary, and then a permanent, Order from this Honorable Court, as follows:

(1) Enjoining Michales and EM, and anyone acting in concert with them or on their behalf, from using the goodwill, names, trademarks, trade names, slogans, symbols, or color schemes associated with Greenhalgh's Body Revolution trademark;

(2) Requiring EM and Michaels forthwith to remove all indicia of the Body Revolution trademark from any of its products, services, websites or other commercial marketing material; and

(3) Requiring EM and Michaels to forthwith provide a full accounting of all sales of any products it has made, offered for sale, or sold that bear any indicia of the Body Revolution logo, name, trademark or tradename.

**JURY DEMAND**

Greenhalgh demands a trial by jury on all counts of the Complaint that are so triable.

**WHEREFORE**, Greenhalgh prays that this Honorable Court:

(a) Enter judgment in Greenhalgh's favor on all counts of this Complaint;

(b) Award damages on each count of this Complaint to the full extent allowed by law and in equity;

(c) Award costs, interest, attorneys fees, multiple and punitive damages where appropriate and as allowed by law;

(d) Enter any and all injunctive relief as allowed by law, including an Order consistent with Count VII, above; and

(e) Enter such other legal and equitable relief as this Court deems just and proper.

Respectfully submitted,

**CORINNE GREENHALGH**,

By her attorneys,

*/s/ Timothy J. Perry*

Timothy J. Perry (BBO#631397)
tperry@pkjlaw.com
PERRY, KRUMSIEK, & JACK, LLP
101 Arch Street, 19th Floor
Boston, MA 02110
(617) 720-4300

Dated: July 12, 2012